UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VICTOR B. PINEDA,

    Plaintiff,

    v.

CITY OF SEATTLE,

    Defendant.

Case No. C06-0157RSL

ORDER DENYING MOTION
TO RETAX COSTS

    This matter comes before the Court on plaintiff Victor Pineda's Motion to Retax Costs (Dkt. #37). On November 21, 2006, the Court granted the City's motion for summary judgment and dismissed plaintiff's claims. Defendant moved to tax costs, and the Clerk of the Court taxed costs against plaintiff in the amount of $4,584.46. Plaintiff now seeks an order which retaxes $4,272 from defendant's cost bill. That amount represents the fees for the court reporter and transcripts from plaintiff's and one witness's depositions used in the case.

    Federal Rule of Civil Procedure 54 "creates a presumption for awarding costs to prevailing parties; the losing party must show why costs should not be awarded." <u>Save Our Valley v. Sound Transit</u>, 335 F.3d 932, 944-45 (9th Cir. 2003) (internal citation omitted). Local Rule 54(d)(4) provides:

ORDER DENYING MOTION
TO RETAX COSTS - 1

> Appeal. The taxation of costs by the clerk shall be final, unless modified on appeal to the district court judge or magistrate judge to whom the case was assigned. An appeal may be taken by filing a motion to retax which shall be filed and served within ten days after costs have been taxed and which shall specify the ruling(s) of the clerk to which the party objects.

Plaintiff timely filed this motion. Notably, however, plaintiff did not oppose defendant's motion for costs before the Clerk, arguably waiving any objection to the amount sought.

Assuming that his objections are not waived, plaintiff argues that the Court should retax the costs on an equitable basis for several reasons. First, plaintiff urges the Court to retax costs because the amount of costs taxed "would be a severe hardship" for him. Plaintiff's Motion at p. 3. However, plaintiff's motion also notes that he is not indigent. Defendant has provided evidence that plaintiff is earning a substantial income. Furthermore, plaintiff has not provided a declaration or any other evidence to support his claim of severe hardship.

Second, plaintiff argues that there is a great financial disparity between the parties, so defendant is better able to absorb the costs. However, the Court is very reluctant to retax costs on that basis when defendant is a public entity and the costs would be borne by the taxpayers.

Third, plaintiff notes that this is a Title VII case, and the taxation of costs should not be so large as to deter others from pursuing their rights. The costs in this case, however, are reasonable and not excessive. Also, it is not inappropriate for unsuccessful Title VII plaintiffs to bear some of the costs they have required defendants to incur, particularly where, as in this case, plaintiff's claims were meritless. Plaintiff abandoned the vast majority of his claims once defendant moved for summary judgment. Notably, plaintiff only abandoned those claims after defendant was forced to spend time inquiring about them in plaintiff's deposition and briefing them in its motion for summary judgment. Also, plaintiff provided no evidence or argument to support one element of his prima facie case regarding his two remaining claims. The lack of merit to plaintiff's claims weighs against retaxing costs. See, e.g., Coulter v. Newmont Gold Co., 873 F. Supp. 394, 397 (D. Nev. 1994) (considering whether to award full costs based on whether doing so would cause plaintiff a "severe hardship" and whether her claims were

ORDER DENYING MOTION
TO RETAX COSTS - 2

substantially meritorious).

For all of the foregoing reasons, the Court DENIES plaintiff's motion to retax costs (Dkt. #37).

The City requests that the Court order plaintiff to show cause why he should not be required to pay the City's attorney's fees incurred in responding to what the City alleges is a frivolous motion to retax costs. The issue of whether to award sanctions based on the filing of this motion is a close call. The Court finds that although plaintiff filed this motion without first opposing defendant's cost bill, and without supporting his claims of hardship, the motion is not so egregious as to warrant sanctions.

DATED this 22nd day of January, 2007.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION
TO RETAX COSTS - 3